United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YVETTE ROSADO,

Plaintiff,

v.

FRANK BISIGNANO,[1]
Commissioner of Social Security,

Defendant.

Case No. 20-cv-06449-BLF

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

[Re: ECF No. 35]

Plaintiff Yvette Rosado's counsel ("Counsel") moves for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 35 ("Fee Mtn"). Counsel seeks a fee award of $18,791.98, which is 25% of the past-due benefits awarded to Plaintiff. *Id.* at 2. Counsel requests that this fee be offset by the $7,700 in fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for a net fee award of $11,091.98. *Id.* at 2–3. The Court finds this motion suitable for decision without oral argument. *See* Civ. L.R. 7-1(b)

The Court GRANTS the motion for the reasons set forth below.

## I. BACKGROUND

Plaintiff filed this action on September 15, 2020, seeking review of the denial of her application for Social Security benefits. *See* ECF No. 1. On September 8, 2021, the Court approved the Parties' stipulation to voluntary remand for further administrative proceedings. ECF

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025, and is substituted as Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

United States District Court
Northern District of California

No. 30. After remand, the Parties stipulated to an award of $7,700 in attorney's fees under the EAJA. ECF Nos. 33, 34.

On remand, Plaintiff obtained a favorable result and was awarded $75,167.92 in past-due benefits. *See* ECF No. 35-1 at 3. As is standard, the Social Security Administration ("SSA") withheld 25% of the past-due benefits, here $18,791.98, to pay any attorney's fees that might be owed. *Id.* Pursuant to a written contingent-fee agreement, Counsel seeks a fee award in the amount withheld, offset by the $7,700 in EAJA fees previously awarded, for a net payment of $11,091.98. Fee Mtn at 3. Defendant "neither supports nor opposes this request for attorney's fees under 42 U.S.C. § 406(b)." ECF No. 37 at 3.

## II. LEGAL STANDARD

Under § 406(b), the Court may authorize a reasonable fee award, "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). The Court may "award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by . . . remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 14-cv-02050, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). This "fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in Social Security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Id.* at 1147. Courts must review these contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[T]he district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

In Social Security cases, attorneys may be entitled to attorney's fees under both the EAJA and § 406(b). *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions . . . ."). However, to "maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys," lawyers are required to "offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Parrish v. Comm'r of SSA*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**III. DISCUSSION**

**A. Threshold Issue of Timeliness**

Before assessing the reasonableness of the requested fee award, the Court shall address the timeliness of Counsel's motion for attorney's fees. The instant motion was filed three years after the SSA issued a Notice of Award for Plaintiff's disability benefits. ECF No. 35-1. Counsel explains that the SSA did not send him a copy of the Notice of Award when it was first issued. Fee Mtn at 2. Counsel asserts that after contacting the SSA repeatedly, he received a copy of the Notice of Award on September 3, 2026. *Id.* Counsel filed the instant motion on the same day. *See id.* at 2. Defendant does not challenge the timeliness of this motion. *See* ECF No. 37.

The Ninth Circuit has not addressed the issue of timeliness for § 406(b) motions. *See, e.g.*, *Herrera v. Berryhill*, No. 14-cv-1340, 2019 WL 157724, at *2 (C.D. Cal. Jan. 10, 2019). Some Circuits addressing this issue have applied Federal Rule of Civil Procedure 54(d)(2) to find that a motion for attorney's fees under § 406(b) must be filed within 14 days of receiving the Notice of Award. *See, e.g.*, *Walker v. Astrue*, 593 F.3d 274, 279–80 (3d Cir. 2010). By contrast, the Tenth Circuit has applied Fed. R. Civ. P. 60(b)(6) to find that the motion for attorney's fees must be filed within a "reasonable time" after receipt of the Notice of Award. *McGraw v. Barnhart*, 450 F.3d 493, 504–05 (10th Cir. 2006).

Courts in this district have routinely applied the Tenth Circuit's "reasonable time" standard. *See, e.g.*, *Sizelove v. Astrue*, No. 5–cv–04533, 2012 WL 3672393, at *2 (N.D. Cal. Aug. 24, 2012); *Zutis v. Colvin*, No. 12–cv–01897, 2015 WL 3766811, at *2 (N.D. Cal. June 16, 2015). Absent Ninth Circuit authority to the contrary, the Court finds the "reasonable time" standard appropriate. Given that Counsel did not receive the Notice of Award until three years after its

issuance, and he filed the motion for attorney's fees on the same day, the Court concludes that the motion is timely.

**B. Reasonableness of Fee Award**

When assessing a motion for attorney's fees under § 406(b), the Court conducts an "independent check" of the contingent-fee agreement to assure that the agreed-upon 25% of past-due benefits is reasonable. *Gisbrecht*, 535 U.S. at 807. Here, Counsel obtained a fully favorable outcome, resulting in a $75,167.92 award of past-due benefits for Plaintiff. ECF No. 35-1 at 3. Counsel never requested an extension of time, and the Parties filed a joint stipulation to voluntary remand less than one year after the Complaint was filed. *See* ECF Nos. 1, 29. On this record, the Court finds no evidence that Counsel's performance was substandard or that Counsel unduly delayed the proceedings.

Counsel requests $18,791.98 for 41 hours of work, resulting in an effective hourly rate of $458.34. ECF No. 35-3 at 3. Courts in the Ninth Circuit have routinely approved contingent-fee agreements in Social Security cases with much higher hourly rates. *See Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902)*; Alowdi v. SSA*, No. 21-cv-5584, 2026 WL 915170, at *2 (N.D. Cal. Apr. 3, 2026) (approving effective hourly rate of $826); *Harrell v. Berryhill*, No. 16-cv-02428, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding "a de facto hourly rate of $1,213.83" reasonable). Therefore, the Court finds that an award of 25% of past-due benefits, in the amount of $18,791.98, is reasonable.

Where attorney's fees have been awarded under both the EAJA and § 406(b), Counsel must generally "refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796. Rather than refund the $7,700 EAJA fee award to Plaintiff, Counsel seeks to effectuate this refund by having SSA provide a net fee award of $11,091.98. Fee Mtn at 3 (citing *Jackson v. Cmm'r of Soc. Sec.*, 601 F.3d 1268, 1273–74 (11th Cir. 2010) (approving a similar offset procedure in lieu of a refund); *Husted v. Bisignano*, No. 19-cv-1435, 2025 WL 3714853 at *2 (S.D. Cal. 2025) (same)). Defendant takes no position on providing a net fee award instead of requiring a refund. ECF No. 37 at 2–3. Having reviewed the applicable case law, the Court GRANTS Counsel's motion for a net fee award of $11,091.98.

United States District Court
Northern District of California

**IV. ORDER**

The motion for attorney's fees under § 406(b) is GRANTED in the amount of $18,791.98. To effectuate the $7,700 offset for fees under the EAJA, the SSA is directed to remit a net payment of $11,091.98 to Counsel.

**IT IS SO ORDERED.**

Dated: October 15, 2026

BETH LABSON FREEMAN
United States District Judge